**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

KAYLIN JOHNSON,

       Petitioner,

v.                                                 Civil Action No. 5:25-cv-00385

W. HOLZAPFEL,

       Respondent.

## ORDER

Pending is Petitioner Kaylin Johnson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF 1]. This action was previously referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Reeder filed his PF&R on April 22, 2026. [*See* ECF 21]. Magistrate Judge Reeder recommended the Court either deny without prejudice Mr. Johnson's § 2241 Petition and dismiss the matter from the Court's docket, or, in the alternative, transfer this matter to the United States District Court for the Eastern District of Michigan for consideration as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in Case No. 4:22-cr-20280, and dismiss this matter from the Court's docket. [*Id.* at 6].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 473, 88 L. Ed. 2d 435, 446 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations *to which objection is made.*" (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 11, 2026. No objections were filed.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In the absence of objection, transfer is preferred to dismissal. 28 U.S.C. § 1406(a).

Accordingly, the Court **ADOPTS** the PF&R [**ECF 13**], **DENIES WITHOUT PREJUDICE** Mr. Johnson's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**ECF 1**], **DENIES WITHOUT PREJUDICE** Respondent W. Holzapfel's Motion to Dismiss [**ECF 17**], **TRANSFERS** this matter to the United States District Court for the Eastern District of Michigan for further consideration in Case No. 4:22-cr-20280. This matter is **DISMISSED** from the Court's docket.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 27, 2026



Frank W. Volk
Chief United States District Judge

2